David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Ste. 460
Phoenix, Arizona 85016
Telephone:   (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiffs
Eugene and Carmella DeMarco

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene DeMarco and Carmella DeMarco<br><br>Plaintiffs,<br><br>v.<br><br>Northstar Location Services LLC<br><br>Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
Phoenix, Arizona

1   collection practices are not competitively disadvantaged, and to promote
2   consistent State action to protect consumers against debt collection abuses.

3   2.   Eugene DeMarco and Carmella DeMarco, (Plaintiffs), through Plaintiffs'
4       attorneys, bring this action to challenge the actions of Northstar Location
5       Services LLC, ("Defendant"), with regard to attempts by Defendant to
6       unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this
7       conduct caused Plaintiffs damage.

8   3.   Plaintiffs make these allegations on information and belief, with the exception
9       of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
10      Plaintiffs allege on personal knowledge.

11  4.   While many violations are described below with specificity, this Complaint
12      alleges violations of the statutes cited in their entirety.

13  5.   Unless otherwise stated, Plaintiffs allege that any violations by Defendant
14      were knowing and intentional, and that Defendant did not maintain
15      procedures reasonably adapted to avoid any such violation.

16                          **JURISDICTION AND VENUE**

17  6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
18      1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

19  7.   This action arises out of Defendant's violations of the Fair Debt Collection
20      Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

21  8.   Because Defendant does business within the State of Arizona, personal
22      jurisdiction is established.

23  9.   Venue is proper pursuant to 28 U.S.C. § 1391.

24                                **PARTIES**

25  10.  Plaintiffs are natural persons who reside in the City of Paradise Valley,
26      County of Maricopa, State of Arizona.

27  11.  Defendant is located in the City of Cheektowaga, the County of Erie, and the
28      State of New York.

HYDE & SWIGART
Phoenix, Arizona

12.   Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

13.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

14.   At all times relevant to this matter, Plaintiffs were individuals residing within the State of Arizona.

15.   At all times relevant, Defendant conducted business within the State of Arizona.

16.   Sometime before June 5, 2010, Plaintiffs are alleged to have incurred certain financial obligations.

17.   These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18.   Sometime thereafter, but before June 5, 2010, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently take no position as to the validity of this alleged debt.

19.   Subsequently, but before June 5, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20.   On or about June 5, 2010, Defendant mailed a dunning letter to Plaintiffs.  A few days later, Plaintiffs received that letter.

21.   This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

HYDE & SWIGART
Phoenix, Arizona

22.   On or about, June 12, 2010, Defendant's agent, David Mattar called Plaintiff's in an attempt to collect the alleged debt. Defendant's agent was extremely rude and agressive with Plaintiff's when they informed Defendant they could not pay the alleged debt. After Plaintiff's asked Defendant not to call anymore, Defendant's agent screamed into the phone, "Pay your bills!!!"

23.   Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

24.   Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.   Consequently, Defendant violated 15 U.S.C. § 1692f.

25.   Due to Defendant's agent's conduct, on or about June 15, 2010, Plaintiff's decided to send a refusal to pay letter, consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

26.   On or about June 18, 2010, Defendant again called Plaintiffs. When Plaintiffs explained they had sent Defendant a refusal to pay letter. Defendant proceeded to threaten to "pursue legal action" if Plaintiff did not pay right then.

27.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

28.   Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

29.   Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

HYDE & SWIGART
Phoenix, Arizona

30.   Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

31.   Throughout the end of June and month of July 2010, Defendant continued to call Plaintiffs in an attempt to collect the alleged debt. Consequently, Defendant violated 15 U.S.C. § 1692c(c).

32.   On or about July 2010, Defendant called and spoke to Plaintiff Carmella DeMarco. During this conversation, Defendant again threatened legal action, stating that Defendant would, "sue, and we'll win!"

33.   Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34.   Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

35.   Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

36.   Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

37.   Plaintiff Carmella DeMrco then asked if Defendant had received Paintiffs' letter. Defendant's agent yelled, "That letter doesn't mean squat!"

38.   Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

HYDE & SWIGART
Phoenix, Arizona

39. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.   Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Due to Defendant's actions, Plaintiffs' have suffered actual damages in the form of mental anguish including nervousness, embarrassment, humiliation, and fear of answering the telephone all impacting their marriage and personal relationships.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//

//

//

HYDE & SWIGART
Phoenix, Arizona

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

45.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

46.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

47.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**TRIAL BY JURY**

48.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: September 22, 2010                              **Hyde & Swigart**

By:__/s/ David J. McGlothlin_
David J. McGlothlin
Attorney for the Plaintiff

HYDE & SWIGART
Phoenix, Arizona